# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| **Richard P. Hicks,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 15-0801-CV-W-JTM |
| | ) |
| **Dr. David M. Denenny and** | ) |
| **Ozarks Medical Center,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

*Pro se* plaintiff Richard P. Hicks instituted the present action against defendants David M. Denenny and Ozarks Medical Center alleging medical malpractice in connection with a hip replacement. The defendants subsequently moved [Doc. 6] the Court to dismiss the action because Hicks had not filed his action within two years of the alleged negligence as required by the Missouri law governing medical malpractice actions. MO. REV. STAT. § 516.105 ("All actions against physicians, hospitals, . . . for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of"). In their motion, the defendants argue that – based on the allegations in Hicks' complaint – any alleged negligence occurred on or before October 14, 2013. The defendants further assert that Hicks' complaint [Doc. 4] was not filed with this Court until November 24, 2015, more than two years after any alleged negligence. The motion is denied.

While the defendants are correct that the complaint was "filed" with the Court on November 24, 2015, Hicks' instituted his lawsuit prior to that date. Specifically, on October 14, 2015, Hicks filed with the Court a motion to proceed with his lawsuit *in forma pauperis* [Doc. 1], attaching his complaint as an exhibit to the motion. On November 24, 2015, the Court – after reviewing Hicks' financial information – entered an order [Doc. 3] permitting Hicks to proceed *in forma pauperis*. The complaint was then shown on the Court's docket as being filed on that date and Summonses were issued.

As a general rule, federal courts have concluded that "the statute of limitation is tolled while [an] IFP petition is pending." *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994). As summarized by one appellate court:

> Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint – as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis.* Therefore, once the filing fee requirement is satisfied (either through remittance of the filing fee or the district court's grant of the plaintiff's IFP application), the filing date will relate back to the date on which the clerk received plaintiff's papers.

*McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996). *See also Dale v. Hawker Beechcraft Corp.*, 2012 WL 1474831, op. at *2 (D. Kan. Apr. 27, 2012); *Smith v. Planned Parenthood of St. Louis Region*, 327 F. Supp. 2d 1016, 1020 (E.D. Mo. 2004). Applying the general rule, Hicks' complaint – once *in forma pauperis* status was granted – related back to its initial lodging with the Court on October 14, 2015. Based on the information set out in the pending motion to dismiss, the complaint thus was filed within the applicable statute of limitations.

Accordingly, it is

**ORDERED** that *Defendants David M. Denenny, M.D. And Ozarks Medical Center's Rule 41(b) Motion To Dismiss Plaintiff's Claims On the Merits,* filed February 12, 2016 [Doc. 13] is **DENIED**.

    */s/ John T. Maughmer*
    **John T. Maughmer**
    **United States Magistrate Judge**