IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **Richard P. Hicks,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 15-801-CV-W-JTM |
| | ) |
| **Dr. David M. Denenny and** | ) |
| **Ozarks Medical Center,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER OF DISMISSAL

Pending before the Court is *Defendants Ozarks Medical Center and David M. Denenny, M.D.'s Motion to Dismiss Plaintiff's Lawsuit For Failure To Comply With Section 538.225 RSMO*, filed April 12, 2016 [Doc. 22].

Richard P. Hicks ("Hicks") filed this lawsuit against Defendants David M. Denenny and Ozarks Medical Center ("Defendants") on October 14, 2015, alleging that Defendants, as health care providers, provided negligent medical care to him on or about October 14, 2013. The applicable Missouri statute requires*:*

> "[i]n any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services," a plaintiff must file an affidavit stating that he has obtained "the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition."

MO. REV. STAT §538.225.1.

Chapter 538 further requires that the affidavit:

> shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.

MO. REV. STAT §538.225.5.

Hicks did not file the required affidavit within ninety days of October 14, 2015, nor request an additional 90 days to do so. Moreover, even if he had requested and been granted such an extension, it would have expired by now and no affidavit has been filed. With regard to the implications of Hicks' failure to file the affidavit, Chapter 538 expressly states:

> [i]f the plaintiff **or** his attorney fails to file such affidavit the court **shall**, upon motion of any party, dismiss the action against such moving party without prejudice.

MO. REV. STAT §538.225.6 (emphasis added). Both Missouri and federal case law indicate that strict compliance with Section 538.225 is mandatory. *Mayes v. St. Luke's Hospital of Kansas City*, 430 S.W. 3d 260, 271 (Mo. 2014) ("the language regarding the affidavit requirement is unambiguous and mandatory"); *Sillyman v. Barbe*, 423 S.W.3d 304, 306-07 (Mo. App. 2014) (the language of section 538.225 is "unambiguous," and the trial court properly dismissed plaintiffs' lawsuit because plaintiffs' affidavit did not contain the information required by the statute); *see also, Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 239 (E.D. Mo. 2004) (holding that Section 538.225 does not conflict with the Federal Rules); *Davis v. St. Louis County, Mo.*, 2015 WL 758218 *3 (E.D. Mo. 2015) (noting that the Section 538.225.6 "requires the trial court to dismiss the action without prejudice, upon motion of [a] party, if the plaintiff does not file a health care affidavit. Upon a well-taken motion under the statute, dismissal is mandatory, not discretionary") (internal citations and quoted case omitted); *Schmidt v. Kemper*, 2007 WL

1028927 *2 (W.D. Mo. 2007) (dismissing plaintiff's state law medical negligence claims for plaintiff's failure to comply with Section 538.225).

Hicks was obligated to file the affidavit required by Section 538.225 within ninety days after he filed his lawsuit or request an extension within that same period to file the required affidavit. Hicks' failure to do so requires that this case be dismissed without prejudice.

Accordingly, it is

**ORDERED** that *Defendants Ozarks Medical Center and David M. Denenny, M.D.'s Motion to Dismiss Plaintiff's Lawsuit For Failure To Comply With Section 538.225 RSMO*, filed April 12, 2016 [Doc. 22] is **GRANTED** and this matter is dismissed without prejudice.

                                       */s/ John T. Maughmer*
                                        **John T. Maughmer**
                                  **United States Magistrate Judge**